# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY ANN WHITTEMORE, | 1:12-cv-00297-GSA-PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER: |
| v. | (1) FILE A REQUEST FOR VOLUNTARY DISMISSAL CONTAINING PLAINTIFF'S ORIGINAL SIGNATURE, OR |
| D. K. JOHNSON, | |
| Defendant. | (2) FILE WRITTEN NOTICE TO THE COURT THAT SHE DOES NOT WISH TO DISMISS THIS ACTION. |
| | THIRTY DAY DEADLINE |

**I.   BACKGROUND**

Melody Ann Whittemore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 9, 2012.  (Doc. 1.)  On March 5, 2012, Plaintiff consented to Magistrate Judge jurisdiction.  (Doc. 7.)  On March 21, 2012, Plaintiff filed a notice to the court indicating she does not "want to file and be charged money for this."  (Doc. 8.)

///

///

1

**II.    RULE 41 VOLUNTARY DISMISSAL**

Under Rule 41 of the Federal Rules of Civil Procedure, Plaintiff has the right to voluntarily dismiss her case before the defendant serves an answer or motion for summary judgment. In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his [or her] action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his [or her] action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his [or her] claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

In her notice to the court, Plaintiff states, "The law librian [*sic*] filled out these papers," "I do not even understand what or why I would do this," and "Please Don't Charge Me!" (Doc. 8.) Thus, it appears from Plaintiff's notice that she did not intend to file a civil rights action and wishes to dismiss this action without being obligated to pay the $350.00 filing fee.

Plaintiff's notice was deficient because it did not contain Plaintiff's signature. All filings submitted to the court must bear the signature of the filing party. Local Rule 131; Fed. R. Civ. P. 11(a). If Plaintiff wishes to voluntarily dismiss her case, she must submit a Request for Voluntary Dismissal which includes her original signature. Moreover, before the court will consider excusing Plaintiff from paying the $350.00 filing fee, she must further explain the circumstances under which she filed this action and why she believes she does not owe the filing fee. Accordingly, Plaintiff shall be required to either file a written Request for Voluntary Dismissal containing Plaintiff's original signature, or notify the court that she does not wish to dismiss this action. As discussed above, if Plaintiff wishes the court to consider excusing her from paying the filing fee, she must also provide further information.

III.  **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that

1. Within thirty days of the date of service of this order, Plaintiff shall either:

    (1) file a Request for Voluntary Dismissal of this action, containing Plaintiff's original signature, or

    (2) file written notice to the court that she does not wish to dismiss this action.

2. Plaintiff's failure to comply with this order shall result in the dismissal of this action without further notice, with Plaintiff owing the $350.00 filing fee for this action.

IT IS SO ORDERED.

Dated:   **March 26, 2012**              /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE