# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELODY ANN WHITTEMORE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>D. K. JOHNSON,<br><br>　　　　　　　Defendant.<br>_____/ | 1:12-cv-00297-GSA-PC<br><br>ORDER GRANTING MOTION TO DISMISS PURSUANT TO RULE 41<br>(Doc. 10.)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM PAYING THE FILING FEE FOR THIS ACTION<br><br>ORDER DISMISSING ACTION IN ITS ENTIRETY WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK TO CLOSE FILE |

**I.    BACKGROUND**

　　　Melody Ann Whittemore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on February 9, 2012. (Doc. 1.) On March 5, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

　　　On April 10, 2012, Plaintiff filed a motion to voluntarily dismiss this lawsuit and for relief from paying the filing fee for this action. (Doc. 10.)

## II. RULE 41 DISMISSAL OF ACTION

Plaintiff requests voluntary dismissal of this action.

In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u>  The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997). No defendant has filed an answer or motion for summary judgment in this action. Therefore, plaintiff's motion shall be granted.

## III. MOTION FOR RELIEF FROM PAYMENT OF FILING FEE

Plaintiff requests to be excused from paying the filing fee for this action. Plaintiff claims that she did not intend to file this lawsuit. She asserts that she "was trying to put a (*sic*) application in for the ACP which is a program," and that she "did not mean for the law librian (*sic*) to file this." (Motion, Doc. 10.)

Plaintiff's argument is unavailing. Evidence in the court record shows that Plaintiff participated in this action, with sufficient notice that she had filed a § 1983 civil rights complaint and would be obligated to pay the filing fee. While Plaintiff may have had assistance from the law librarian to fill out the form complaint for this action, Plaintiff's signature appears on the complaint which requests as relief "[a] medical parole release, or A.C.P. release to my home." (Complaint, Doc. 1 at 3 ¶V.) Plaintiff also signed and dated the application to proceed in forma pauperis filed on February 9, 2012, which clearly stated directly above Plaintiff's signature, "I hereby authorize the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. section 1915(b)(2)." (Doc. 2 at 2.) On

February 10, 2012, and again on February 28, 2012, the court mailed Plaintiff written notice of her case number and a form for consent or decline of Magistrate Judge jurisdiction. (Docs. 3, 5.) On February 29, 2012, the court issued an order granting Plaintiff's application to proceed in forma pauperis and directing the California Department of Corrections to deduct payments from Plaintiff's trust account for payment of the filing fee. (Doc. 9.) On March 5, 2012, Plaintiff returned the consent form with her signature dated February 23, 2012. (Doc. 7.) None of the orders or case documents served on Plaintiff at her address of record were returned to the court.

The in forma pauperis statute allows prisoners to proceed without *prepayment* of the filing fee. 28 U.S.C. § 1915(a)(2) (emphasis added). Prisoners are still required to pay the filing fee in full, notwithstanding in forma pauperis status. Here, Plaintiff's case was filed and proceeded, with her participation, until she decided to voluntarily dismiss the action. Therefore, Plaintiff is required to pay the filing fee, and if funds are available in her trust account, deductions will be made in accordance with the court's order of February 29, 2012, until the $350.00 filing fee is paid in full.

**IV.   CONCLUSION**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to voluntarily dismiss the complaint is GRANTED;
2. Plaintiff's motion for relief from paying the filing fee is DENIED;
3. This action is DISMISSED in its entirety without prejudice; and
4. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **April 13, 2012**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE